## United States District Court
## Central District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | Docket No.  **2:17-cr-00505(A)-RGK-1**   JS3 |

**Defendant**   TURHAN LEMONT ARMSTRONG

Social Security No.  1   3   4   0

akas:  Turhan Lemont Walker; Emmett Louis; Kent Warden; Bob Jimenez; Jameel Jamal; Carlos Rivera; Carlos Mata; Jose Soto; Hassan Karakra; Emilio Sanchez; Frank Masari; Nicolas Armstrong; Nicholas Ray Armstrong

(Last 4 digits)

# AMENDED JUDGMENT AND COMMITMENT ORDER ON RE-SENTENCING

| | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | **OCT** | **17** | **2022** |

**COUNSEL** | Michael Severo, retained
(Name of Counsel)

**PLEA** | ☐ **GUILTY,** and the court being satisfied that there is a factual basis for the plea. | ☐ **NOLO CONTENDERE** | ☒ **NOT GUILTY**

**FINDING** | There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:

**Conspiracy to Commit Financial Institution Fraud; Penalty for an Offense Committed While on Release, in violation of 18 USC 1349, 3147, as charged in Count 1 of the First Superseding Indictment;**

**Financial Institution Fraud, in violation of 18 USC 1344(1) as charged in Counts 2, 3, 5, 6, 7, 8, 9, 10, 11 and 12 of the First Superseding Indictment;**

**False Statement to Financial Institution, in violation of 18 USC 1014, as charged in Counts 13, 14, 15, 16, 17, 18, 19 and 21 of the First Superseding Indictment;**

**Conspiracy to Engage in Money Laundering, in violation of 18 USC 1956(h), 3147, as charged in Count 25 of the First Superseding Indictment;**

**Money Laundering, in violation of 18 USC 1956(a)(1)(B)(I), as charged in Counts 28, 29, 30, 31, 32, 33, 34, 35, 36, 39, 40, 41, 42, 44, 45, 46, 47, 48 and 49 of the First Superseding Indictment;**

**Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity, in violation of 18 USC 1957(a), as charged in Counts 52, 53 and 54 of the First Superseding Indictment;**

**Conspiracy to Commit Access Device Fraud, in violation of 18 USC 1029(b)(2), 3147, as charged in Count 55 of the First Superseding Indictment;**

**Possession of Fifteen or More Unauthorized Access Devices, in violation of 18 USC 1029(a)(3), as charged in Counts 56, 57 and 58 of the First Superseding Indictment;**

**Transportation of Stolen Vehicle, in violation of 18 USC 2312, 2(b), as charged in Counts 59, 60 and 61 of the First Superseding Indictment; and**

**Aggravated Identity Theft, in violation of 18 USC 1028A(a)(1), as charged in Counts 62 and 63 of the First Superseding Indictment;**

**JUDGMENT AND PROB/ COMM ORDER** | The Court asked whether there was any reason why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: **175 (One Hundred Seventy-Five) MONTHS as to the First Superseding Indictment.  This term consists of i) 151 months on Counts 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 25, 28, 29, 30, 31, 32, 33, 34, 35, 36, 39, 40, 41, 42, 44, 45, 46, 47, 48 and 49; ii) concurrent 120 months on Counts 52, 53, 54, 56, 57, 58, 59, 60, 61; iii) concurrent 60 months on Count 55; and iv) consecutive mandatory sentence of 24 months on Counts 62 and 63 (that is, 24 months on counts 62 and 63, to run concurrent to each other but consecutive to all other counts.)**

USA vs.   TURHAN LEMONT ARMSTRONG          Docket No.:   2:17-cr-00505-RGK-1

Upon release from imprisonment, defendants shall be placed on supervised release for a term of five years on each of counts 1, 2, 3, 5 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 21; three years on each of count 25, 28, 29, 30, 31, 32, 33, 34, 35, 36, 39, 40, 41, 42, 44, 45, 46, 47, 48, 49, 52, 53, 54, 55, 56, 57, 58, 59, 60, and 61; and 1 year on each of Counts 62 and 63 of the First Superseding Indictment.  All such terms of supervised release shall run concurrently under the following terms and conditions:

1.      The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04, including the conditions of probation and supervised release set forth in Section III of Second Amended General Order 20-04.

2.      During the period of community supervision, the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.

3.      The defendant shall cooperate in the collection of a DNA sample from the defendant.

4.      The defendant shall apply all monies received from income tax refunds to the outstanding Court-ordered financial obligation.  In addition, the defendant shall apply all monies received from lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding Court-ordered financial obligation.

5.      The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from custody and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

6.      The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath and/or sweat patch testing, as directed by the Probation Officer.  The defendant shall abstain from using alcohol and illicit drugs, and from abusing prescription medications during the period of supervision.

7.      During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the U.S. Probation and Pretrial Services Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs. The defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer.

8.      As directed by the Probation Officer, the defendant shall pay all or part of the costs of the Court-ordered treatment to the aftercare contractors during the period of community supervision.  The defendant shall provide payment and proof of payment as directed by the Probation Officer.  If the defendant has no ability to pay, no payment shall be required.

9.      The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, nor shall the defendant use, any name other than his true legal name without the prior written approval of the Probation Officer.

10.     The defendant shall submit his person, property, house, residence, vehicle, papers, computers [as defined in 18 U.S.C. § 1030(e)(1)], cell phones, other electronic communications or data storage devices or media, office, or other areas under the defendant's control, to a search conducted by a United States Probation Officer or law enforcement officer. Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search pursuant to this condition will be conducted at a reasonable time and in a reasonable manner upon reasonable suspicion that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.

The Court authorizes the Probation & Pretrial Services Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency.  Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

The Court recommends that the defendant be evaluated and considered for participation in the Bureau of Prison's RDAP program.

The Court recommends that the defendant be designated to a Bureau of Prisons facility in Southern California to be close to his family.

It is ordered that the defendant shall pay to the United States a special assessment  of $5100 which is due immediately. Any unpaid balance shall be due or shall be paid at $25 per quarter pursuant to the Bureau of Prisons inmate financial responsibility program.

The defendant shall pay restitution in the total amount of $3,305,690.90 reflecting the actual loss to the victims. Specifically, the court orders restitution to be made to the following victims in the following amounts:

USA vs. TURHAN LEMONT ARMSTRONG          Docket No.: 2:17-cr-00505-RGK-1

| Victim | Amount |
|---|---|
| Ally Financial | $16,008.61 |
| Altura Credit Union | $47,542.33 |
| American Express Bank | $155,880.32 |
| American Honda Finance Corporation | $30,177.71 |
| Autonation Land Rover Fort Lauderdale | $55,702.89 |
| Bank of the West | $12,755.18 |
| Barclay Bank of Delaware | $285,035.29 |
| BMW Bank of North America | $198,709.77 |
| Capital One Auto Finance | $8,952.01 |
| Citibank | $70,380.00 |
| Discover Bank | $921,437.03 |
| GM Financial | $35,804.71 |
| JP Morgan Chase Bank | $175,815.15 |
| Los Angeles Department of Water & Power | $17,473.43 |
| Mercedes Benz of Del Ray | $26,561.30 |
| Navy Federal Credit Union | $55,000.00 |
| Nordstrom | $15,436.80 |
| Pen Air Federal Credit Union | $75,918.02 |
| Pentagon Federal Credit Union | $50,000.00 |
| PNC Bank | $15,599.50 |
| Space Coast Credit Union | $26,000.00 |
| State Farm Bank | $40,000.00 |
| Synchrony Bank | ~~$557,905.79~~ **$559, 905.79** |
| TD Autofinance LLC | $87,887.85 |
| Toyota Financial Services | $112,020.29 |
| USAA Bank | $50,000.00 |
| US Bank | $46,213.30 |
| USC Credit Union | $47,635.23 |
| VW Credit Leasing Limited | $65,838.39 |

Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least 10% of defendant's gross monthly income but not less than $250.00, whichever is greater, shall be made during the period of supervised release and shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the Court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in the judgment.

The defendant shall be held jointly and severally liable with co-defendants, Mounir Deiri and Andres Velarde (Docket No. 17CR-505) for the amount of restitution ordered in this judgment. The victims' recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victims receive full restitution.

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The defendant shall comply with Second Amended General Order No. 20-04.

Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

Pursuant to the parties sentencing agreement because the court has imposed a term of imprisonment that does not exceed 21 months. The defendant has waived his right to appeal his conviction, and sentence.

USA vs.   TURHAN LEMONT ARMSTRONG                    Docket No.:   2:17-cr-00505-RGK-1

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

*Gay Klausner*

11/1/2022
Date                                                                                       U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

                                                                     Clerk, U.S. District Court

11/1/2022                                              By      s/ J. Remigio
Filed Date                                                          Deputy Clerk

---

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;
9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

X

The defendant must also comply with the following special conditions (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996. Assessments, restitution, fines, penalties, and costs must be paid by certified check or money order made payable to "Clerk, U.S. District Court." Each certified check or money order must include the case name and number. Payments must be delivered to:

United States District Court, Central District of California
Attn: Fiscal Department
255 East Temple Street, Room 1178
Los Angeles, CA 90012

or such other address as the Court may in future direct.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
   Non-federal victims (individual and corporate),
   Providers of compensation to non-federal victims,
   The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

## CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS

As directed by the Probation Officer, the defendant must provide to the Probation Officer:  (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

When supervision begins, and at any time thereafter upon request of the Probation Officer, the defendant must produce to the Probation and Pretrial Services Office records of all bank or investments accounts to which the defendant has access, including any business or trust accounts. Thereafter, for the term of supervision, the defendant must notify and receive approval of the Probation Office in advance of opening a new account or modifying or closing an existing one, including adding or deleting signatories; changing the account number or name, address, or other identifying information affiliated with the account; or any other modification. If the Probation Office approves the new account, modification or closing, the defendant must give the Probation Officer all related account records within 10 days of opening, modifying or closing the account. The defendant must not direct or ask anyone else to open or maintain any account on the defendant's behalf.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs.    TURHAN LEMONT ARMSTRONG      Docket No.:    2:17-cr-00505-RGK-1

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on      _____    to    _____

Defendant noted on appeal on    _____

Defendant released on    _____

Mandate issued on    _____

Defendant's appeal determined on    _____

Defendant delivered on      _____    to    _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____

Date        Deputy Marshal

**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

_____

Filed Date        Deputy Clerk

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____      _____

Defendant        Date

_____      _____

U. S. Probation Officer/Designated Witness        Date